IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**CARLISLE FARMS AND
TRANSPORTATION, LLC**                                                                          **PLAINTIFF**

v.                                    Case No. 3:23-cv-00079 KGB

**UNITED FINANCIAL
CASUALTY COMPANY**                                                                             **DEFENDANT**

## ORDER

Before the Court is plaintiff Carlisle Farms and Transportation, LLC's ("Carlisle") motion for statutory damages (Dkt. No. 17). The parties to this litigation reached a settlement agreement and filed a joint stipulation of partial dismissal with prejudice on March 1, 2024 (Dkt. No. 15). The joint stipulation expressly excepted Carlisle's claim for statutory damages pursuant to Arkansas Code Annotated § 23-79-208 (*Id.*). On July 8, 2024, the Court entered an Order directing Carlisle to file a motion for statutory damages within 30 days of the date of the Order and setting relevant briefing deadlines (Dkt. No. 16). On August 7, 2024, Carlisle filed the instant motion seeking statutory damages, prejudgment interest, and attorney's fees pursuant to Arkansas Code Annotated § 23-79-208. Defendant United Financial Casualty Company ("United") filed a response in opposition to the motion (Dkt. No. 21), and Carlisle replied (Dkt. No. 25). For the following reasons, the Court denies the motion (Dkt. No. 17).

    **I.**    **Background**

The parties agree on the following facts. Carlisle is engaged in the business of transporting commercial agricultural products over the road, among other things (Dkt. Nos. 2, ¶ 5; 3, ¶ 5). At the time of the loss alleged in the instant case, Carlisle held a commercial auto insurance policy numbered 955150897 with United (Dkt. Nos. 2, ¶ 6; 3, ¶ 6). A 2007 Peterbilt 386 with VIN

1XPHDU9X37N653464 ("Peterbilt") is covered under this policy and is the subject of the present dispute (Dkt. Nos. 2, ¶ 7; 3, ¶ 7). The policy provided physical damage coverage (Dkt. Nos. 2, ¶ 20; 3, ¶ 19). The Peterbilt broke down—vandalized and abandoned by its driver according to Carlisle—near Jackson, Tennessee, on or about November 21, 2022 (Dkt. Nos. 2, ¶ 8; 3, ¶ 8). The Peterbilt was towed to a repair facility, which found the vehicle to have suffered significant damage (Dkt. Nos. 2, ¶ 8; 3, ¶ 8). Carlisle subsequently attempted to have the Peterbilt driven home, but the engine blew shortly after the Peterbilt left the facility (Dkt. Nos. 2, ¶ 9; 3, ¶ 9). Carlisle subsequently filed an insurance claim concerning the incident on December 2, 2022 (Dkt. Nos. 2, ¶ 11; 3, ¶ 11). The parties dispute as to whether the engine damage to the Peterbilt was covered by the policy (Dkt. Nos. 2, ¶¶ 20–26; 3, ¶¶ 19–25).

United initiated an investigation after Carlisle filed its claim (Dkt. Nos. 18, at 2; 22, at 12–13). On January 30, 2023, Carlisle sent United a letter through counsel threatening to file a lawsuit against United if "this matter [was] not definitively resolved by the close of business on Thursday, February 2, 2023" (Dkt. Nos. 21-2, at 11; 25-1, at 1). Carlisle filed the instant complaint in Cross County, Arkansas, Circuit Court on February 28, 2023, 88 days after the date of the November 21, 2022, incident and while United's investigation was still ongoing (Dkt. Nos. 1, at 1; 18, at 2; 22, at 12). As of that time, United had not offered to pay any money on the claim (Dkt. Nos. 18, at 2; 22, at 13–15). The complaint states a demand for "$40,000 for damage to the subject vehicle, lost profits in the amount of $6,000 per week beginning on January 1, 2023 and continuing until judgment is entered in this case or the vehicle is repaired" (Dkt. No. 2, at 5). Additionally, pursuant to Arkansas Code Annotated § 23-79-208, Carlisle requests a 12% statutory penalty, reasonable attorney's fees, and pre-judgment interest at the rate of 6% per annum, and post-judgment interest

at the highest legal rate (*Id.*). United removed this action to federal court on April 4, 2023 (Dkt. No. 1, at 1).

The parties signed a partial settlement agreement and release on February 28, 2024 (Dkt. No. 17-2, at 1). Pursuant to the settlement, United agreed to pay $41,500 to Carlisle to "fully and finally settle all claims asserted in the litigation, or any claims for damages which could have been asserted in the litigation, or any claims arising out of the policy referenced in subsection B above, save and except Carlisle's claim for statutory damages" (*Id.*, ¶ 2). The settlement agreement expressly specified that "any payments or agreements made pursuant to this Release are not an admission of any liability or responsibility for, or the correctness of" the claims in the litigation (*Id.*, ¶ 6). The settlement agreement further states that "liability, responsibility, and correctness" of Carlisle's claims in the litigation are "expressly denied" and that the settlement payment is made "for purposes of avoiding the costs of litigation" (*Id.*). However, the agreement expressly reserved for Carlisle the right to bring a motion for statutory damages pursuant to Arkansas Code Annotated § 23-79-208 (*Id.*, ¶ 14).

**II.     Legal Standard**

Arkansas Code Annotated § 23-79-208(a) provides that "[i]n all cases in which loss occurs" and the insurance company "shall fail to pay the losses within the time specified in the policy after demand is made," the insurance company "shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss." The purpose of the statute is to "punish unwarranted delaying tactics of insurance companies." *State Farm Automobile Ins. Co. v. Stamps*, 363 S.W.3d 1, 4 (Ark. 2009). The insurer's good faith in contesting coverage is not a defense to liability. *McHalffey v. Nationwide*

3

*Mut. Fire Ins. Co.*, 61 S.W.3d 231, 239 (Ark. Ct. App. 2001).  Where the policy does not include a time limit, the losses must be paid in a reasonable time.  *Farm Bureau Mut. Ins. Co. of Ark. v. Guyer*, 386 S.W.3d 682, 687 (Ark. Ct. App. 2011).

The Arkansas Supreme Court has noted that the statute "is penal in nature and therefore strictly construed in favor of the party sought to be penalized.  It should not be held to apply except in cases that come clearly within the statute." *Primerica Life Ins. Co. v. Watson*, 207 S.W.3d 443, 448 (Ark. 2004).  Whether a claim comes "clearly within the statute" depends on whether the plaintiff recovers "at least 80% of the amount it 'demanded' or 'sought in the suit.'"  *Simmons Foods, Inc. v. Indus. Risk Insurers*, 863 F.3d 792, 801 (8th Cir. 2017); *see also* Ark. Code Ann. § 23-79-208(d) (setting out 80% recovery rule).  For this purpose, it is the legal claim, not the insurance claim, that matters.  *Id.*  No demand need be made aside from the filing of a lawsuit.  *Stamps*, 363 S.W.3d at 5.  A new and lesser demand may be made by amendment after a suit is filed.  *Id.*  The Arkansas Supreme Court has further emphasized that "[d]enying the penalty and attorney's fees is proper where the insured made a demand for more than they were entitled to recover."  *Id.*  This is because "[t]he penalty and attorneys' fee is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract."  *Id.* (quoting *Nat'l Standard Ins. Co. v. Westbrooks*, 962 S.W.2d 355, 357 (Ark. 1998)).

### III.   Discussion

In this case, Carlisle argues that it is entitled to statutory damages under § 23-79-208(a) because it "ultimately received almost exactly what was demanded from the defendant-insurer" in the terms of the settlement agreement (Dkt. No. 18, at 3).  Carlisle further points out that the statutory penalty applies "even if the insurer realizes the error of its ways before trial" (*Id.*).  In response, United contends that no demand was made prior to filing of the suit and that, even if a

4

demand was made, the recovery under the settlement agreement falls well short of the 80% statutory threshold because Carlisle's complaint includes a demand for lost profits which, when combined with the $40,000 demanded for damage to the Peterbilt, make for a total demand of $88,000.  Moreover, United points out that it has never conceded liability under the policy for Carlisle's claims per the terms of the settlement (Dkt. No. 22, at 13–15).  In its reply, Carlisle notes that no pre-suit demand is required under the statute and argues that it made an informal amended demand of $40,000 during mediation, thus satisfying the 80% recovery threshold (Dkt. No. 25, at 2–3).

The Court finds that Carlisle is not entitled to statutory penalties under § 23-79-208(a).  First, Carlisle did not make a legally cognizable demand on United during mediation.  Although Carlisle cites *Phoenix Insurance Company of Hartford v. Fleenor*, 148 S.W. 650 (Ark. 1912), for the proposition that "[i]t is only necessary to show facts from which it can reasonably be inferred that the company understood that payment was demanded and that it refused to make the same," *id.* at 654, the issue in *Phoenix* and related cases was whether a demand had been made before the filing of a lawsuit for purposes of an earlier version of the statute that required a pre-lawsuit demand.  *See Metro. Life Ins. Co. v. Shane*, 135 S.W. 836, 838–39 (Ark. 1911).  Although Arkansas case law supports the proposition that a § 23-79-208(a) demand may be amended after the filing of the lawsuit, to this Court's knowledge no court has ever accepted a purported demand that was made outside the context of a formal writing or otherwise made in open court.  *See Stamps*, 363 S.W.3d at 5–6; *S. Farm Bureau Cas. Ins. Co. v. Brinker*, 84 S.W.3d 846, 848–49 (Ark. 2002); *McAlister v. Nationwide Mut. Fire Ins. Co.*, Case No. 2:03-cv-02190-RTD, 2006 WL 6640380, at *2 (W.D. Ark. Sept. 26, 2006).  Further, based on the record before the Court, the parties dispute whether Carlisle communicated its intent to abandon claims for lost profits against United.  As

5

United observes, Carlisle never formally withdrew its demand for lost profits in any court pleading filed during the pendency of the case, and the Court is unaware of any writing or formal acknowledgment of Carlisle's intent to abandon its claims for lost profits in the lawsuit.  For these reasons, the Court finds that the operative demand for purposes of § 23-79-208(a) is the one found in Carlisle's complaint, which altogether seeks $88,000 from United.  As such, the $41,500 recovered by Carlisle in the settlement falls well below the 80% threshold for statutory penalties.

Second, and more fundamentally, United's liability under the policy has never been established.  Although Carlisle correctly notes that the statute applies "even if the insurer realizes the error of its ways before trial," this applies only where "judgment is confessed before trial." *Farm Bureau Mut. Ins. Co. of Ark. v. Shaw*, 600 S.W.2d 432, 435 (Ark. Ct. App. 1980) (quoting *Fed. Life and Cas. Co. v. Weyer*, 391 S.W.2d 22, 23 (Ark. 1965)).  Based on this Court's research, in every case in which courts have awarded the statutory penalty without a judicial decision on the merits, the defendant insurer admitted guilt either by confessing judgment or paying the claim directly under the policy.  *See Bureau Ins. Co. of Ark. v. Running M Farms, Inc.*, 237 S.W.3d 32, 42–43 (Ark. 2006); *Miller's Mut. Ins. Co. of Ill. v. Keith Smith Co.*, 680 S.W.2d 102, 103–04 (Ark. 1984); *Farm Nationwide Mut. Ins. Co. v. Cumbie*, 215 S.W.3d 694, 695 (Ark. Ct. App. 2005); *McHalffey*, 61 S.W.3d at 232; *Shaw*, 600 S.W.2d at 434–35.  Whether or not, as Carlisle claims, it "defies logic that Defendant would pay policy limits if there was no coverage" (Dkt. No. 25, at 6), the parties agreed to a settlement according to which United "expressly denied" liability for Carlisle's claims (Dkt. No. 17-2, ¶ 6).  Thus, given that the parties agreed to resolve their differences here through language that includes no confession of judgment or admitted liability under the policy, nor any other determination on the merits of Carlisle's claims, the Court declines to find a proper basis for an award of statutory penalties under § 23-79-208(a).  Indeed, even if the

question of United's liability was ambiguous under the settlement agreement, the Arkansas Supreme Court's admonition that § 23-79-208(a) is to be "strictly construed in favor of the party sought to be penalized" counsels against extending the statute under these circumstances.

For these reasons, the Court determines that United is not liable for statutory damages, prejudgment interest, or attorney's fees under § 23-79-208.

### IV.     Conclusion

For the foregoing reasons, the Court denies Carlisle's motion (Dkt. No. 17).

It is so ordered this 4th day of February, 2025.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge